UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARQUISE MOORE,

               Plaintiff,

        -against-

WESTCHESTER DOC; WESTCHESTER
COUNTY HOSPITAL; WELLPATH,

               Defendants.

26-CV-3268 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is detained at the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants provided him with constitutionally inadequate medical care.[1] He sues the Westchester Department of Correction ("WDOC"), Westchester County Hospital, and Wellpath. By order dated June 17, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff filed the complaint in this action without a prisoner authorization. By order dated April 27, 2026, Chief Judge Laura Taylor Swain, to whom this action was previously assigned, directed Plaintiff to cure this deficiency. (ECF 4.) The court received Plaintiff's prisoner authorization on May 13, 2026.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are drawn from the complaint.[3] On January 23, 2026, a Wellpath doctor at the Westchester County Jail infirmary attempted to remove stitches from Plaintiff's neck. Plaintiff began feeling pain and asked the doctor to stop, which she did. On February 4, 2026, Plaintiff saw an "onsite surgeon" at the jail, who removed two sutures from the wound. (ECF 1, at 4.) Plaintiff began feeling pain, so he asked to be seen at the hospital. On February 13, 2026, he was taken to Westchester County Hospital, where he was seen by the "trauma team." (*Id.*)  Plaintiff was in pain when he left the hospital, and the "pain got wors[e] by the day." (*Id.*)

Plaintiff put in two sick calls about the pain. He does not provide the date of the first sick call and he does not state whether he was seen by medical staff in response to this sick call. In his second sick call, on March 13, 2026, Plaintiff stated that he had "multiple pieces of stitches that was left in the wound by the Wellpath M.D. and now can be see[n] through the skin." (*Id.*) Plaintiff also filed a grievance, which was denied,[4] but he was told that he would be examined by an "onsite surgeon." (*Id.*)

On April 1, 2026, Plaintiff was seen by the onsite surgeon who told him that he will need to have another surgery "to remove the pieces of stitches that was left in the wound." (*Id.* at 5.)

Plaintiff alleges that he has pain "doing everyday thing[s] like eating, [d]rinking[,] talking, coughing and sleeping." (*Id.*)

Plaintiff seeks $10 million in damages.

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[4] Plaintiff does not describe the nature of his grievance, although context suggests it related to his need for medical care.

**DISCUSSION**

**A.    Claims against named defendants**

Plaintiff brings claims under Section 1983 against the Westchester Department of

Correction; "Westchester County Hospital," which the Court understands to be the Westchester

Medical Center ("WMC"); and Wellpath. All three of these defendants are state actors that are

suable in their own names for purposes of Section 1983. *See Edwards v. Arocho*, 125 F.4th 336,

354 (2d Cir. 2024) (explaining that WDOC is a suable entity subject to municipal liability);

*Davis v. Westchester Cnty*, No. 20-CV-0517 (NSR), 2021 WL 3604762, at *3 (S.D.N.Y. Aug.

12, 2021) (recognizing Wellpath as a state actor for Section 1983 purposes); *Harris v. Viau*, No.

17-CV-9746 (KMK), 2019 WL 1331632, at *4 (S.D.N.Y. Mar. 5, 2019) (explaining that WMC

is owed and maintained by Westchester County Health Care Corporation ("WCHCC") and that

WCHCC and its employees are state actors for Section 1983 purposes).

When a plaintiff sues a municipality or municipal entity such as WDOC, WMC, or

Wellpath under Section 1983, it is not enough for the plaintiff to allege that one of the

municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that

the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,*

563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . .

section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or

'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,*

436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other

words, to state a Section 1983 claim against a municipality or municipal entity, the plaintiff must

allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[5] *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges that (1) a Wellpath doctor attempted to remove stitches from Plaintiff's neck, but stopped when Plaintiff began feeling pain and asked the doctor to stop; (2) an onsite surgeon at the Westchester County Jail removed two stiches from Plaintiff's neck; (3) the trauma team at WMC did a visible examination of Plaintiff and mistakenly concluded that there were no stitches left in the wound; and (4) after submitting sick calls, Plaintiff was seen by an onsite surgeon at the Westchester County Jail who advised Plaintiff that he would need additional surgery. Plaintiff alleges that each entity engaged in a singular action or omission that violated his rights, but he does not allege any facts suggesting that any of these acts or omissions resulted from a policy, practice, or custom of any of the named defendants. The Court therefore dismisses Plaintiff's claims against the WDOC, Westchester County Hospital, and Wellpath for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims against these defendants in an amended complaint that complies with the standards governing liability of municipal entities set forth above.

---

[5] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

**B.** **Inadequate medical care**

Even if Plaintiff had named as defendants the individual medical personnel involved in the events giving rise to his claim, he still does not allege sufficient facts to state a claim under Section 1983. The Court understands Plaintiff's complaint as asserting claims that he was denied adequate medical care. Because Plaintiff is a pretrial detainee, his claims for inadequate medical care arise under the Due Process Clause of the Fourteenth Amendment. To state a claim for constitutionally inadequate medical care under the Due Process Clause, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks and citation omitted)). Where medical treatment was provided, but that treatment was delayed, the relevant inquiry is not "the severity of the prisoner's underlying medical condition," but rather the "particular risk of harm faced by a prisoner due to the [delay] of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003)

(holding that the relevant issue was not whether HIV is a serious illness but whether the brief delay in obtaining HIV medication risked serious harm).

To satisfy the second element—the "subjective" or "mental" element—a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983).

Here, even if the Court assumes that the stitches or sutures in Plaintiff's neck constituted an objectively serious medical condition, he does not allege facts suggesting that anyone— whether a named defendant or not—acted with the requisite intent. Plaintiff alleges that a Wellpath doctor attempted to remove the stitches, but stopped at Plaintiff's request; an "onsite surgeon" removed two stitches before Plaintiff asked to be seen at the hospital; the "trauma team" at WMC examined Plaintiff, and based solely on a visual exam, concluded there were no sutures left in Plaintiff's neck; and that Plaintiff was required to wait several weeks before seeing another surgeon, who told him that he needed another surgery to remove the stitches. Plaintiff cannot state a claim against the Wellpath doctor, the first onsite surgeon, or the staff at WMC

because all of those individuals provided Plaintiff with medical care. To the extent Plaintiff seeks to hold them liable under Section 1983 for failing to completely remove the stitches or for incorrectly concluding that there were no stitches left in his neck, Plaintiff does not state a claim because he does not allege that any of these individuals acted intentionally or recklessly to deny him medical care. To the extent he seeks to hold jail employees or the last surgeon he saw liable for any delays in treatment, he also fails to allege any facts suggesting they acted with deliberate indifference.

The Court grants Plaintiff leave to replead his claims for inadequate medical care in an amended complaint that names as defendants those individuals he alleges violated his rights and alleges facts suggesting that each named defendant knew or should have known of an excessive risk to his safety and intentionally or recklessly disregarded that risk.

## C.     Claims under state law

Plaintiff's allegations suggest he may be attempting to assert claims for medical malpractice, which arise under state law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for inadequate medical care, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

9

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:     July 1, 2026
           New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

10